**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

COREY LANE,

    *Plaintiff*,

v.

TOWNSHIP OF UNION POLICE DEPARTMENT and DANIEL COWAN, in his individual capacity,

    *Defendants*.

Civil Action No. 22-4251

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

In this matter, *pro se* Plaintiff Corey Lane alleges that Defendants violated his civil rights during a traffic stop. Currently pending before the Court is Defendants' motion to dismiss the Complaint. D.E. 8. Plaintiff filed a brief in opposition to the motion, D.E. 11, to which Defendants replied, D.E. 10. The Court reviewed the parties' submissions,[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

    **I.**    **BACKGROUND**

On May 9, 2022, Plaintiff was a passenger in a vehicle driven by his sister, Ms. Norman. A different sister, Ms. Zaire, owned the car and gave Ms. Norman permission to use the vehicle

---

[1] The Court refers to Defendants' brief in support of their motion as "Defs. Br." (D.E. 8-4); Plaintiff's opposition as "Plf. Opp." (D.E. 11); and Defendants' reply as "Def. Reply" (D.E. 10).

on May 9.[2]  Compl. ¶¶ 6-7, 17.  Plaintiff alleges that although Ms. Norman did not do anything to give rise to a traffic stop, Defendant Union Township police officer Daniel Cowan initiated a traffic stop. *Id.* ¶¶ 19, 21-23.  During the stop, Cowan explained that he stopped Ms. Norman because when he ran the vehicle's license plate in his patrol database, the registration came up as expired. *Id.* ¶ 26.  Plaintiff and Ms. Norman allegedly told Cowan that Ms. Zaire owned the vehicle and Ms. Zaire spoke with Cowan on the phone during the traffic stop. *Id.* ¶¶ 27-29.  Cowan ultimately issued two citations to Ms. Norman for driving an unregistered vehicle and failure to have insurance.  *Id.* ¶¶ 33-36.

Plaintiff subsequently filed a Complaint addressing the incident, asserting claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA").  D.E. 1.  Plaintiff alleges that through the traffic stop, Defendants Cowan and the Township of Union Police Department ("UPD") violated his Fourth, Fifth, and Fourteenth Amendment rights.  Plaintiff challenges the UPD's practice of randomly running plates, alleges that he was racially profiled, and maintains that Defendants retaliated against him.  Plaintiff also alleges that the UPD insufficiently trained and supervised Cowan.  Plaintiff seeks monetary damages from both Defendants and injunctive relief as to the UPD.  Compl. ¶ 92.  Defendants subsequently filed the instant motion, seeking to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  For a complaint to survive dismissal under Rule 12(b)(6), it must contain enough factual matter to state a claim that

---

[2] When reviewing a motion to dismiss for failure to state a claim, a court accepts as true all well-pleaded facts in the Complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Therefore, the Court takes the factual background from Plaintiff's Complaint.  D.E. 1.

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (citation omitted). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

Plaintiff's claims arise under 42 U.S.C. § 1983 and the NJCRA. Section 1983 does not provide substantive rights. Rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted). To state a Section 1983 claim, a plaintiff must demonstrate that (1) a person deprived him of a right secured by the Constitution or federal law; and (2) the person who deprived him of that right acted under

color of state law. *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *2 (D.N.J. July 29, 2016) (citation omitted).

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2. The "NJCRA was modeled after § 1983, [so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez*, 2016 WL 4107689, at *5 (internal quotations and citation omitted). Therefore, the Court considers Plaintiff's Section 1983 and NJCRA claims together.

### 1. Traffic Stop Claims

Defendants first argue that Plaintiff fails to allege that a constitutional violation occurred during the routine traffic stop. Defs. Br. at 8-12. "The Fourth Amendment prohibits unreasonable searches and seizures."[3] *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). "A traffic stop is a 'seizure' within the meaning of the Fourth Amendment, 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *Coles v. Carlini*, 162 F. Supp. 3d 380, 391 (D.N.J. 2015) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)). Passengers in a car are

---

[3] Plaintiff alleges that Defendants violated his Fifth Amendment due process rights. Although Defendants do not seek dismissal on these grounds, the Court notes that the Due Process clause of the Fifth Amendment applies solely to federal actors. *See Davis v. Passman*, 442 U.S. 228, 234 (1979) ("[T]he Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.").

4

also "seized" for Fourth Amendment purposes during a traffic stop. *United States v. Mosley*, 454 F.3d 249, 253 (3d Cir. 2006); *see also State v. Sloane*, 939 A.2d 796, 800 (N.J. 2008) (stating that a passenger is seized under the federal and state constitutions). But a traffic stop does not violate the Fourth Amendment if the purpose of the stop, and the stop itself, is reasonable. *See United States v. Hurtt*, 31 F.4th 152, 158 (3d Cir. 2022).

"A police officer's decision to stop a vehicle is reasonable if he or she 'has probable cause to believe that a traffic violation has occurred.'" *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 810 (3d Cir. 1996)). Defendants argue that as alleged, the traffic stop was reasonable because driving with expired registration is a traffic violation. Defendants also argue that it is lawful for a police officer to look up a license plate. Defendants continue that, as a result, there was no constitutional violation in the stop. Defs. Br. at 9-10. Plaintiff does not seem to dispute that Ms. Zaire's vehicle registration expired. Rather, he challenges the UPD's practice of randomly "running plates" and Cowan's decision to issue a traffic citation to Ms. Norman, rather than Ms. Zaire. *See id.* ¶¶ 37, 53.

"[A]ny technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime." *Mosley*, 454 F.3d at 253. Again, Plaintiff alleges that Cowan initiated the traffic stop because, after running the vehicle's license plates, Cowan determined that the vehicle registration was expired. Compl. ¶ 26. New Jersey Motor Vehicle Code requires all vehicles to be registered, and police officers are "authorized to remove any unregistered vehicle from the public highway to a storage space or garage." N.J. Stat. Ann. § 39:3-4. In addition, no person shall drive a vehicle where the owner of the vehicle has not complied with the statutory registration requirements. N.J. Stat. Ann. § 39:3-33. Next, "the police may randomly search license plate numbers in [mobile data terminals] to determine a vehicle's

5

registration status" without running afoul of motorists' constitutional rights. *Sloane*, 939 A.2d at 803; *see also United States v. Yusuf*, 993 F.3d 167, 182 n.12 (3d Cir. 2021) (explaining that the officer had a reasonable suspicion for the traffic stop after he noticed that the license plate was partially obscured and learned that the vehicle's owner had a suspended license from running the plates before the stop). Finally, a driver "knows or should know from the attendant circumstances that the motor vehicle is without motor vehicle liability insurance coverage . . . shall be subject . . . to a fine," amongst other things. N.J. Stat. Ann. § 39:6B-2. Thus, as pled, Cowan had probable cause to initiate the traffic stop and issue the citations to Ms. Norman. As a result, Plaintiff fails to plead any Fourth Amendment constitutional violation leading up to or during the stop.

### 2. Racial Profiling Claim

Next, Defendants seek to dismiss Plaintiff's racial profiling claim because Plaintiff fails to allege facts to support his claim. Defs. Br. at 12-13. A racial profiling claim arises through the equal protection clause of the Fourteenth Amendment. To assert a Section 1983 racial profiling claim, a plaintiff must plead facts demonstrating that "the officer's conduct (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose." *Mitchell v. Township of Willingboro*, No. 11-1664, 2011 WL 3203677, at *5 (D.N.J. July 26, 2011). In this instance, Plaintiff alleges that he was subjected to racial profiling by Cowan. Compl. ¶ 63. Plaintiff, however, fails to allege any facts in support. As discussed, Plaintiff alleged that Cowan initiated the traffic stop after running the car's plates. Critically, Plaintiff does not allege that Cowan knew Plaintiff was African American when he ran the plates or initiated the traffic stop, or that Cowan took either of these actions due to Plaintiff's race. Without these or similar allegations, Plaintiff fails to state a Fourteenth Amendment equal protection claim.

### 3. Retaliation Claims

Defendants also argue that Plaintiff does not state a retaliation claim. Defs. Br. at 15. In Count Four, Plaintiff states a claim for retaliation for a protected activity under Section 1983. Compl. ¶¶ 70-74. A Section 1983 retaliation claim arises under the First Amendment. To plead a First Amendment retaliation claim, a plaintiff must demonstrate "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Plaintiff does not plead that he engaged in any constitutionally protected activity, nor does he plead that any of the alleged wrongful conduct was retaliatory. Accordingly, Plaintiff does not state a Section 1983 retaliation claim.

### 4. Claims Against the UPD

Finally, Defendants maintain that the Complaint must be dismissed as to the UPD because a police department cannot be subject to Section 1983 claims.[4] Defs. Br. at 12-13. Plaintiff counters that Defendants misconstrue his claims by arguing that he is asserting claims against the UPD in its individual, rather than official capacity. Plf. Opp. at 3. Unlike state entities, local governmental units like municipalities "may constitute 'persons' against whom suit may be lodged under § 1983." *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (*per curium*). A city

---

[4] A municipality may be liable under Section 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dept. of Social Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)). In this instance, Plaintiff alleges that the UPD failed to train, discipline and control police officers to avoid threats and abuse of process during traffic stops. Compl. ¶¶ 46-53. Plaintiff, however, also appears to assert claims against the UPD based on Cowan's conduct. *See, e.g., id.* ¶¶ 60-68. A municipality cannot be liable for Section 1983 claim under a theory of *respondeat superior* or supervisory liability. *Monell*, 436 U.S. at 691.

police department, however "is a governmental sub-unit that is not distinct from the municipality of which it is part." *Id.* Therefore, the city, not its police department, is the proper defendant in a Section 1983 case. *See Castoran v. Pollak*, No. 14-2531, 2017 WL 4805202, at *7 (D.N.J. Oct. 25, 2017).

Often, when assessing a claim asserted against a police department by a *pro se* plaintiff, this Court will construe the plaintiff's claims as claims asserted against the City. But because Plaintiff's Complaint is otherwise dismissed, the Court also dismisses Plaintiff's claim against the UPD. However, the Court grants Plaintiff leave to file an amended pleading that corrects the identified deficiencies.[5] If Plaintiff files an amended complaint, he must assert his claims against the Township of Union, not the UPD.

## IV.   Conclusion

Accordingly, and for good cause shown,

IT IS on this 25th day of January, 2023,

**ORDERED** that Defendants' motion to dismiss, D.E. 8, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies, as set forth above. If Plaintiff fails to file an amended complaint within this time, the entire case will be dismissed with prejudice; and it is further

---

[5] When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. As a result, dismissal without prejudice is appropriate.

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular and certified mail.

_____
John Michael Vazquez, U.S.D.J.